UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TRAVIS L. HUYCK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-047 RM |
| | ) | |
| KENNETH FRIES, | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER

Travis Huyck, a *pro se* prisoner currently committed to the Indiana Department of Correction, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights while he was confined at the Allen County Jail. This case is before the court on the plaintiff's amended complaint against Allen County Sheriff Kenneth Fries.

Under 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short

> and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."

*Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Huyck brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Huyck seeks damages for conditions of confinement he endured at the Allen County Jail while confined there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. Farmer v. Brennan, 511 U.S. at 832. But conditions

3

that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971). In Martin v. Tyson, the court observed that "the conditions at the Marshall County Jail may be far from ideal. But again, the Marshall County Jail is a small, rural jail, and jails do not have to duplicate the amenities of small, rural hotels. To make out a claim under 42 U.S.C. § 1983, Martin must show that intentional actions of the defendants served to deprive him of a constitutional right. He has not been Constitutionally harmed here." Martin v. Tyson, 845 F.2d at 1457 (citations omitted).

Mr. Huyck alleges that over a 27-day period when he first arrived at the jail, he received a total of 5 showers. Conditions that merely cause inconveniences and discomfort or make confinement unpleasant don't rise to the level of constitutional violations. The Constitution doesn't require that penal facilities provide daily showers for prisoners. Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir. 1988). Mr. Huyck doesn't allege that he suffered any actual harm from not showering daily, and in the absence of actual harm, this allegation states no claim upon which relif can be granted.

Mr. Huyck also alleges that he was not allowed out of his cell for days at a time even though Indiana law provides that a prisoner may not be confined "without the opportunity for at least one (1) hour of exercise outside the immediate living quarters." (Amended Complaint at p. 4). Alleged violation of state law states no claim upon which relief can be granted in a § 1983 action. Baker v. McCollan, 443 U.S. at 140.

The Constitution requires that "some opportunity for exercise must be afforded to prisoners." Anderson v. Coughlin, 757 F.2d 33, 34 (2d Cir. 1985). "Where movement is denied and muscles are allowed to atrophy, the health of the individual is threatened, and

4

the state's constitutional obligation is compromised." Stewart v. McGinnis, 800 F.Supp. 604, 615 (N.D. Ill. 1992) *aff'd.*, 5 F.3d 1031 (7th Cir. 1993).

> Although we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. *Thomas v. Ramos*, 130 F.3d 754, 764 (7thCir. 1997) (70 day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7thCir. 1986) (limited recreational activities sufficient where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7thCir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next 6 months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7thCir. 1989) (reversing summary judgment for prison officials where segregated prisoner denied exercise for 101 days).

Delaney v. DeTella, 256 F.3d at 683-684. 256 F.3d 679, 683 (7th Cir. 2001).

Mr. Huyck does not state how long he was without recreation, nor does he allege any actual injury from denial of off-unit recreation. It is not reasonable to infer from the amended complaint that Mr. Huyck was denied recreation for more than the time period the Seventh Circuit found in Delaney v. DeTella not to violate the Constitution.

For the foregoing reasons, the court DISMISSES the amended complaint pursuant to 28 U.S.C. § 1915A(b)(1), and DIRECTS the clerk to close this case.

SO ORDERED.

ENTERED: May  2 , 2008

>      /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court

5